AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

FEB 2 3 2017

OFFICE OF THE CLERK

In the Matter of the Tracking of )
*(Identify the person to be tracked or describe* )
*the object or property to be used for tracking)* )
)    Case No.  8:17MJ53
1992 RED CHEVROLET LUMINA SPORT VAN )
BEARING NEBRASKA LICENSE PLATE UJT-869 )
VIN# 1GNDU06D6NT111326 )

**SEALED**

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __841__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.
- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

- ☑ evidence of a crime;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
1992 RED CHEVROLET LUMINA SPORT VAN, NE LICENSE PLATE UJT-869 VIN# 1GNDU06D6NT111326

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

SA Frank Feden, DEA
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: 2-23-17

*Judge's signature*

SUSAN M. BAZIS, U.S. Magistrate Judge
*Printed name and title*

City and state: Omaha, Nebraska

## AFFIDAVIT AND APPLICATION FOR A WARRANT
## AUTHORIZING USE OF A MOBILE TRACKING DEVICE

1. I, Frank Feden, a Special Agent with the Drug Enforcement Administration (DEA), being duly sworn, depose and state:

2. This Affidavit and Application is being submitted to obtain a Warrant authorizing the use of mobile tracking device in or on a 1992 Chevrolet Lumina Sport Van bearing Nebraska license plate UJT-869, VIN # 1GNDU06D6NT111326. Upon information and belief, the subject vehicle is presently being used by Cardell BONNER to facilitate the distribution of Crack Cocaine in violation of Title 21, United States Code, Section 841.

3. Your Affiant states that there is probable cause to believe that the use of a mobile tracking device in or on the subject vehicle will lead to evidence of the aforementioned offenses as well as the identification of individuals who are engaged in the commission of those offenses and related crimes.

4. The source of your Affiant's information and the grounds for his belief are as follows:

5. I, Frank Feden, am a Special Agent (SA) with the DEA. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code (USC), Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, USC, Section 2516. I have been so employed by the DEA since 2003. I attended the Basic Agent Training program at the DEA Academy in Quantico, Virginia. I have been assigned to the Omaha District Office (DO) of the DEA since 2003, where I have participated in and conducted investigations involving narcotics activities. These investigations have resulted in arrests of individuals who have smuggled, received, and distributed controlled substances, including methamphetamine, cocaine, heroin and marijuana, as well as the seizure of controlled substances and the proceeds of the sale of those controlled

substances. In addition, I have conducted investigations concerning the concealment of narcotics proceeds, including assets, monies, and bank records, and the identification of co-conspirators through the use of drug ledgers, phone records, bills, photographs, and financial records. I have completed advanced training in Telecommunications and Internet Communications investigative techniques.

6. I have participated in investigations involving the interception of wire communications, body recordings, and video surveillance. I have also participated in and executed numerous search and seizure warrants authorizing the search of locations of drug traffickers and their co-conspirators and vehicles used to transport controlled substances. Materials searched for and recovered in these locations have included controlled substances, packaging materials, scales, cutting agents, weapons, documents and papers reflecting the identity of co-conspirators, and receipts for concealed investments and proceeds derived from the distribution of controlled substances. During these investigations, I have participated in interviewing witnesses and cooperating sources regarding illegal trafficking in drugs and I have read official reports of similar interviews by other officers.

7. I am familiar with the methods in which narcotics traffickers conduct their business, including, but not limited to, their methods of importing, and distributing narcotics, their use of mobile telephones, their use of businesses, houses, and other facilities in which narcotics are stored and meetings are conducted, and their use of numeric codes and code words to conduct their narcotics transactions.

8. On December 15, 2016, a Confidential Source (CS) arranged to purchase four ounces of crack cocaine from Cardell BONNER.

9. At approximately 3:30 p.m., surveillance was established at 10726 Ellison Plaza, Omaha, NE and the Home Depot located at 4545 N. 72nd Street, Omaha, NE.

10. At approximately 3:37 p.m., TFO Ken McClure observed a maroon minivan arrive at the Home Depot parking lot. The registration for the vehicle came back to a 1992 red

Chevrolet Lumina Sport Van (UBG-437, NE) in the name of Sherell BONNER at 3038 Larimore Street, Omaha, Nebraska. This vehicle is known to be driven by Cardell BONNER.

11. At approximately 3:45 p.m., SA Fisher and TFO Stehlik met with the CS at an undisclosed location. The CS's vehicle and person were searched for contraband with negative results. The CS was provided $2,000 in DEA buy money and $3,200 in FBI buy money. The CS was also equipped with an audio/video recording device.

12. At approximately 3:52 p.m., the CS departed the undisclosed location and travelled to the Home Depot.

13. At approximately 3:55 p.m., SA Fisher observed the CS arrive at the Home Depot.

14. At approximately 3:57 p.m., TFO Jeff Hunter observed the CS's vehicle and the maroon minivan depart the Home Depot parking lot and drive across the street to the Baker's grocery store parking lot. TFO Hunter observed a black male wearing dark clothes exit the minivan and walk up to the CS's vehicle. TFO Hunter observed the black male at the driver's side door of the CS's vehicle. TFO Hunter then observed the black male walk back to the minivan and get into it.

15. At approximately 3:59 p.m., TFO Hunter observed the CS's vehicle and the maroon minivan depart the Baker's parking lot.

16. At approximately 4:03 p.m., the CS arrived back at the undisclosed location. The CS's person and vehicle were searched for contraband with negative results. TFO Jason Stehlik retrieved a small plastic bag containing an off-white substance from the CS. The off-white substance was analyzed by the Douglas County Sheriff's Office Forensic Chemistry Unit. The results were positive for cocaine base (crack) with a weigh of 110.7 grams.

17. On December 20, 2016, District of Nebraska Magistrate Judge Thomas Thalken signed a

GPS tracker warrant for the Chevy Lumina.

18. On December 23, 2016, the tracker was affixed to the Chevy Lumina.

19. On January 24, 2017, the battery for the tracker "died" and the location results ceased at that time. The "dead" tracker is currently affixed to the Chevy Lumina.

20. On January 31, 2017, the Chevy Lumina license plates were renewed and changed to UJT-869, Nebraska. The registration for the vehicle came back to a 1992 red Chevrolet Lumina Sport Van in the name of Sherell BONNER at 3038 Larimore Street, Omaha, Nebraska. SA Brent Fisher confirmed this through the Nebraska Criminal Justice Information System (NCJIS). SA Fisher has used NCJIS to assist in numerous investigations and has found that it is reliable and accurate.

21. Since the controlled purchase on December 15, 2016, the CS has communicated with BONNER in person and on cellular telephone. BONNER often asks the CS if he/she wants to "shop". The CS indicated the word "shop" means to complete a crack cocaine transaction. Your affiant believes that BONNER is still utilizing the Chevy Lumina to facilitate the distribution of crack cocaine.

22. In order to track the movement of the subject vehicle effectively and to decrease the chance of detection, your affiant requests that the Court issue an Order authorizing members of the DEA or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a mobile tracking device in or on the subject vehicle while they are in the District of Nebraska, and thereafter to repair, replace and remove them. Your affiant believes the mobile tracking device will lead to evidence of the aforementioned offenses as well as to the identification of individuals who are engaged in the commission of these offenses and related crimes. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation and removal of the tracking device during both daytime and nighttime hours. The subject vehicle is most often parked in an area highly visible to BONNER and his

neighbors. Surveillance of this area shows high foot traffic in this area and intelligence indicates individuals associated with criminal activity in this organization are active into nighttime hours. Your affiant believes that given the location where the subject vehicle is parked, permitting the installation, removal, and/or any repairs of the tracking device during the night will decrease the possibility that the investigation will be compromised by the subjects of this investigation learning that they are being investigated. And because the subject vehicle is typically parked in an area visible by several residences, permitting the installation, removal, and/or any repairs of the tracking device at night will be safer for the officers by decreasing the chance that they will be discovered and decreasing the possibility of a confrontation.

23. In the event that the Court grants this Affidavit and Application, there will be periodic monitoring of the mobile tracking device during both daytime and nighttime hours for a period of forty five (45) days. In addition, the mobile tracking device may produce signals from inside private garages or other such locations not open to public or visual surveillance.

24. It is requested that the Warrant and the Affidavit and Application in support thereof, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against the flight of fugitives, and better ensure the safety of agents and others, except the copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office, and may be served on Special Agents and other investigative and law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant.

25. In accordance with 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), your Affiant also requests that the Court authorize the Government to delay notice of the execution of the Warrant for thirty (30) days after the end of the authorized period of tracking (including any extensions thereof). If BONNER or others were to learn of the

tracking device, it would disclose to BONNER that he is under investigation. Based upon my training and experience, I believe that this would cause BONNER to alert his co-conspirators and coordinate an effort to destroy evidence, such as narcotics, drug ledgers, or the proceeds of narcotics transactions, and/or flee the jurisdiction. Notice should be delayed so as to avoid seriously jeopardizing the ongoing criminal investigation involving BONNER and other unknown persons.

26. Wherefore, your Affiant requests that the Court issue a Warrant authorizing members of the DEA or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install mobile tracking device in or on the subject vehicle within the District of Nebraska within 10 calendar days of the issuance of the requested Warrant; to repair and replace the tracking device, and to remove the tracking device from the subject vehicle after the use of the tracking device has ended; and to monitor the signals from the tracking device for a period of (45) days following the issuance of the Court's Order, including signals produced inside private garages and other locations not open to public or visual surveillance, and signals produced in the event that the subject vehicle leave the District of Nebraska but remains within the United States.

Frank E. Feden, Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me on this 23 day of February, 2017.

SUSAN M. BAZIS
United States Magistrate Judge

AO 104 (Rev. 11/13) Tracking Warrant



# UNITED STATES DISTRICT COURT
for the
District of Nebraska

In the Matter of the Tracking of )
*(Identify the person, property, or object to be tracked)* )
)  Case No. 8:17MJ53
)
1992 RED CHEVROLET LUMINA SPORT VAN )
BEARING NEBRASKA LICENSE PLATE UJT-869 )
VIN# 1GNDU06D6NT111326 )

**TRACKING WARRANT**

**SEALED**

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☑ is located in this district;  ☐ is not now located in this district, but will be at execution;  ☐ the activity in this district relates to domestic or international terrorism;  ☐ other:

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that
*(check the appropriate box)* ☐ using the object  ☑ installing and using a tracking device
to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☑ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device:
1992 RED CHEVROLET LUMINA SPORT VAN BEARING NEBRASKA LICENSE PLATE UJT-869 VIN# 1GNDU06D6NT111326

**YOU ARE COMMANDED** to execute this warrant and begin using the object or installing the tracking device by ___March 5, 2017___ *(not to exceed ten days)* and may continue use for __45__ days *(not to exceed 45)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*

☑ into the vehicle described above  ☐ onto the private property described above

☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)* __Susan M. Bazis__ and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☑ for __30__ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 2-23-17 at 2:39 p.m.   /s/ Susan M. Bazis
                                              *Judge's signature*

City and state:  Omaha, Nebraska            Susan M. Bazis, U.S. Magistrate Judge
                                              *Printed name and title*

AO 104 (Rev. 11/13) Tracking Warrant (Page 2)

Case No. 8:17MJ53

## Return of Tracking Warrant With Installation

1. Date and time tracking device installed: _____

2. Dates and times tracking device maintained: _____

3. Date and time tracking device removed: _____

4. The tracking device was used from *(date and time)*: _____

   to *(date and time)*: _____ .

## Return of Tracking Warrant Without Installation

1. Date warrant executed: _____

2. The tracking information was obtained from *(date and time)*: _____

   to *(date and time)*: _____ .

## Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

_____
Printed name and title